THE ATLANTIC & GULF RAILROAD COMPANY, plaintiff in error, *vs.* THOMAS MANN, defendant in error.

Where one owned land fronting on a street in the city of Bainbridge, and the Atlantic & Gulf Railroad submitted to arbitration, under the compensation clause of its charter, the question of how much damages the lot owner had received, if any, by the building of said road through the street, and it appeared that the road had authority from the State (before the Code) to run from point to point in a general direction, which might be through the town, and authority from the town authorities to run through said street; and it further appeared that, in fact, the road had not used the street either for its track or embankment:

*Held*, That the Court erred in holding that the road had no authority to use the street.

*Held*, *also*, That the Court erred in holding that the road was estopped by the submission, from showing that, in fact, the street was not occupied.

Railroads.   Estoppel.   Municipal corporation.   Streets. Before Judge CLARK.  Decatur Superior Court.  May Term, 1870.

Several of the questions raised in this cause were not passed upon here.   And the main points were passed upon, not in this case, but in the decision of *The South Carolina Railroad Company et al., vs. Steiner*, from Augusta, decided at the same time.   The facts upon which this opinion is based, are as follows:   The charter of The Atlantic & Gulf Railroad Company, granted prior to the adoption of the present Code of this State, for fixing certain damages to be paid, authorized a submission to arbitration, with a right of appeal to the Superior Court.   Mann owned a lot in Bainbridge, fronting on a street, and claimed that the company had damaged him by running its road-bed and track along said street, making a cut six or eight feet deep.   He and the company submitted the *quantum* of damages thereby done to him, to arbitration, under said charter.   The submission recited that the company had run its track in said street.   The arbitrators made an award, from which the company appealed.   On the trial, it was shown that Bainbridge is in the

route between the terminal points for said road, mentioned in the charter; that the city authorities of Bainbridge gave the company permission to run their track in and through the street fronting Mann's lot, and that Mann had no property on said street. And it was testified by a witness that, in fact, the company did not run its track in said street, (as was supposed when the matter was submitted to arbitration), but on a lot joining the street. There was evidence as to damages, etc. The Court charged that the company was estopped from denying that its track was in said street, unless they can show they made a mistake in the submission; that the company had no right, under its charter, to occupy said street with its track, and the city authorities of Bainbridge had no power to grant the company the right to make an excavation six or eight feet deep in said street, and therefore the company is a trespasser and takes no advantage by the charter, but is liable as any other person for all damages resulting from said trespass and erection of a nuisance. The jury found for Mann, and the company brought the cause here for review.

FLEMING & RUTHERFORD; L. J. GLENN & SON, for plaintiff in error. By suing for damages, under the charter, Mann admitted the company's right to the track: 1 Redf. 288, 336, 337, 222, 228, 247; 24 N. Y. R., 659. Mayor and Council of Bainbridge had right to grant the company the use of street: Acts 1851–2, p. 418; 15 Barb. R., 232.

SIMS & CRAWFORD; CLARK & SPENCER, for defendant.

McCAY, Judge.

The charter of this company is older than the Code, so that it cannot be controlled by section 753 of the Code. Whether this was the common law, seems to be somewhat doubtful. The charter of the company is a grant from the State to run their road, in a general direction, from point to point. If, in doing this, it becomes necessary to use a pub-

lic road, and the authorities, clothed by law with power over such roads or streets, consent, we see nothing in principle to sustain the denial of the power of the company to use the highway, paying to parties, having legal rights, any compensation they may be entitled to: See 4 Cushing, 63.

We are clearly satisfied that the Judge, in his charge to the jury, gave too limited a construction to the submission. The case, as presented, is not, in a strict sense, a submission to arbitration. It is a compulsory proceeding, as provided by the charter, and the whole matter left to the commissioner is the compensation, due for the seizure of the property of a citizen. It is the law, rather than the submission, which presents the issue. True, if there was a distinct, intended admission of any fact in the agreement, to save the necessity of proof, made avowedly, the parties would be bound.

The proof here showed, very conclusively, that no part of the street was used. It seems very absurd, with this proof before the Court, to say that the verdict is to be based on the agreed statement that the street was used. We do not think the form of this submission, or the words used, fairly bear such a limited construction. The real matter at issue, under it is, has the plaintiff's property or rights been so appropriated by the company as to entitle him to compensation? and if so, what compensation? and any evidence going to elucidate that issue is competent. We do not, in this case, decide the great question made in the record, because, whilst the Court is unanimous that this judgment is error, it is not exactly agreed upon the question as to whether the owners of property, lying on a street, who are not the owners of the fee in the street, have any such right in the street as entitles them to compensation.

The question arises, in a very direct way, in another case, (see *South Carolina Railroad Company vs. Steiner, post,*) pending before this Court, from the Augusta Circuit, and in deciding that case, we will decide what we understand to be the law upon the point. Judgment reversed.